# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| CHARLIE LAMONTE MCKINNEY, JR., : : : Plaintiff, : : v. : : WARDEN SEAN EMMONS, *et. al.* : : Defendant. : : | CASE NO.: 7:20-CV-00072 (WLS-TQL) |

## ORDER

Before the Court is an Order and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed on October 25, 2021. (Doc. 56.) Therein, Judge Langstaff denied Plaintiff's motions for a trial date and to appoint counsel (Docs. 50, 51) and recommended that Plaintiff's Motion to Dismiss the above-styled action be granted. For the reasons stated below, Judge Langstaff's Recommendation (Doc. 56) is **ACCEPTED** and **ADOPTED**.

Judge Langstaff's Recommendation and 28 U.S.C. § 636 provided the parties with fourteen days to file an objection. (Doc. 56 at 2-3.) A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made. 28 U.S.C. § 636(b); FED. R. CIV. P. 72. If no timely objection is filed, the court considers the recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (quoting the Fourth Circuit and stating, "Most circuits agree that '[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"). No objections have been filed.

Plaintiff McKinney's Complaint (Doc. 1) is based on incidents that occurred during his confinement at Valdosta State Prison. Plaintiff alleged that members of the staff of the facility violated his Eighth Amendment rights due to exposure to unsafe conditions and deliberate

indifference to his safety concerns. On May 14, 2021, the Defendants filed a Motion for Summary Judgement, arguing that Plaintiff failed to exhaust all administrative remedies prior to filing suit and that Plaintiff's claim for deliberate indifference fails. (Doc. 52.) Shortly after, Plaintiff filed a Motion to Dismiss the case stating that he "has no intentions to prosecute." (Doc. 54.)

Under Rule 41 of the Federal Rules of Civil Procedure, the Court may grant a plaintiff's request to dismiss following a defendant's motion for summary judgment by order and "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Though such an order for dismissal is typically granted without prejudice, Defendants seek to have the action dismissed with prejudice if the Court grants the motion on the grounds that Plaintiff's motion "is clearly in response to Defendants' motion for summary judgment." (Doc. 55.) Plaintiff did not respond to Defendants regarding their request for dismissal with prejudice. In his recommendation, Judge Langstaff determined that regardless of prejudice, the statute of limitations has expired for Plaintiff's claims and thus a dismissal without prejudice would, in effect, be tantamount to a dismissal with prejudice. (Doc. 56 at 2, n. 2.) After a review of the record, pleadings, and Judge Langstaff's findings, the Court agrees.

Therefore, upon full review and consideration upon the record, the Court finds no clear error and that Judge Langstaff's October 25, 2021 Recommendation (Doc. 56) should be, and hereby is, **ACCEPTED, ADOPTED,** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons and stated and conclusions reached herein. Accordingly, Plaintiff's Motion to Dismiss (Doc. 54) is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**. Accordingly, Defendants' Motion for Summary Judgment is **DENIED AS MOOT**.

**SO ORDERED,** this 18th day of November 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**